IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES NEUMAN,**
**Plaintiff,**

v.

**STATE OF ILLINOIS,** *et al.*,
**Defendants.**                   No. 10 - CV - 00594 DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is a motion to dismiss filed by defendants the State of Illinois, the Office of the Attorney General, Lisa Madigan, Karen L. McNaught, and the Honorable Leslie Graves pursuant to rules 12(b)(3) and (6) of the FEDERAL RULES OF CIVIL PROCEDURE (Doc. 11). Also before the Court is a motion to dismiss filed by the Office of the Circuit Clerk of Sangamon County and the Sangamon County Courthouse pursuant to rules 12(b)(1)–(3), (5), and (6) (Doc. 29). Defendant Suzanne Ushman joins both motions to dismiss (Doc. 37). Thus far, plaintiff James Neuman has not responded to either motion, and a response is now long past due.

Nonetheless, plaintiff has filed a motion for default judgment, alleging that defendants failed to return service of the summons on him and did not answer his complaint (Doc. 40). Plaintiff has also filed a motion to amend his complaint, seeking

to add the Illinois Appellate Court, Fourth District, for refusing to accept an appeal he filed there (Doc. 53). Finally, plaintiff has filed a motion for consideration (Doc. 54). Defendants have responded to each of plaintiff's motions and move to strike the motion for consideration (Docs. 46, 56 & 55). Defendant Ushman's request to adopt the other defendants' motions (Doc. 57) is **GRANTED**.

For the reasons below, plaintiff is **ORDERED** to respond to defendants' motions to dismiss within 14 days or the Court will grant them as conceded. Plaintiff's motions for default judgment, to amend the complaint, and for consideration are **DENIED**.

Plaintiff is expected to follow the FEDERAL RULES OF CIVIL PROCEDURE as well as the U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS LOCAL RULES. As the Court stated in a previous order on March 1, 2011 (Doc. 39), plaintiff should consult the LOCAL RULES to determine his response deadlines. The time to respond to a motion to dismiss is 30 days after service. SDIL-LR 7.1(c). "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." *Id.* The first motion to dismiss was filed on January 24, 2011, and the second on February 14, 2011, yet plaintiff has not responded to either motion. Plaintiff is advised that if he does not respond the Court will assume he agrees with the defendants' assertions in the motions and grant them as conceded.

Plaintiff has also filed a motion for default judgment alleging that defendants failed to return service of the summons on him and to answer his complaint (Doc.

40). In his motion, plaintiff claims that, once served, defendants had 30 days to return service of the summons to him. He quotes the summons itself, which says the defendants must serve an answer or motion under RULE 12 on plaintiff at his address. Defendants respond that proof of service of summons is effected through the server's affidavit (Doc. 46). FED. R. CIV. PRO. 4(l)(1). They also respond that under RULE 12(a)(4) they are not required to file an answer to plaintiff's complaint unless the Court denies their motions to dismiss.

The Court agrees with defendants; plaintiff has misread the rules. The FEDERAL RULES state that proof of service must be made "to the court" and it must be made by the server's affidavit, unless service is waived. FED. R. CIV. PRO. 4(l)(1). The docket reflects that servers' affidavits have been filed with the Court for all defendants, except the five courthouses plaintiff did not serve (Doc. 31). So there is no issue with proof of service. In addition, defendants are correct that RULE 12(a)(4) alters the time for a responsive pleading when a RULE 12 motion has been filed. Defendants' answer to the complaint is not due while their motions to dismiss under rules 12(b)(1)–(3), (5), and (6) are pending. Accordingly, plaintiff's motion for default judgment is **DENIED**.

Plaintiff has also filed a motion to amend his complaint, seeking to add the Illinois Appellate Court, Fourth District, for refusing to accept an appeal he filed there (Doc. 53). He claims that the appellate court's refusal to accept his appeal violates his civil and constitutional rights. Defendants object to the motion because, among other reasons, plaintiff has not followed the rules for serving amended

pleadings and because the judges of the appellate court are immune from suit (Doc. 56). The Court determines that plaintiff must first respond to the pending motions to dismiss before it will entertain adding new defendants. The motion to amend is **DENIED**.

Finally, plaintiff filed a motion for consideration in which he complains that a clerk of this Court stole his personal address off a check he had written to the Court (Doc. 54). Defendants move to strike plaintiff's motion under RULE 12(f) because its contents are irrelevant to this issues in this case (Doc. 55). The Court agrees with defendants. Plaintiff's motion for consideration is **DENIED**.

Plaintiff is hereby **ORDERED** to respond to defendants' motions to dismiss within 14 days or the Court will grant them as conceded. Plaintiff's motion for default judgment (Doc. 40), motion to amend the complaint (Doc. 53), and motion for consideration (Doc. 54) are **DENIED**.

**IT IS SO ORDERED.**

Signed this 18th day of April, 2011.

Digitally signed by David R. Herndon
Date: 2011.04.18 12:19:24 -05'00'

**Chief Judge**
**United States District Court**