IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES NEUMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 10-cv-594-DRH |
| | ) | |
| **STATE OF ILLINOIS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**HERNDON, Chief Judge:**

Now before this Court are the motion to dismiss (Docs. 11 & 12) by defendants State of Illinois, Judge Leslie Graves, Illinois Attorney General Office, Lisa Madigan, and Karen McNaught, a motion joined by defendant Terrance Corrigan (Docs. 13 & 14) and Suzanne Ushman (Docs. 36 & 37); and the motion to dismiss (Docs. 29 & 30) by defendants Sangamon County Courthouse and the Clerk Office of the Sangamon County Courthouse, a motion joined by defendant Ushman (Docs. 36 & 37). In response to these motions to dismiss, plaintiff James Neuman filed a memorandum in opposition (Doc. 70).

Also pending are a motion for sanctions (Docs. 62 & 63) by defendants State of Illinois, Judge Leslie Graves, Illinois Attorney General Office, Madigan, and McNaught; plaintiff's motion to change venue (Doc. 71); and plaintiff's motion to amend the complaint (Doc. 72). Defendants State of Illinois, Office of the

Attorney General, Madigan, McNaught, Judge Graves, Office of the Circuit Clerk of Sangamon County, and Sangamon County Courthouse object to the motion to change venue (Doc. 75) and the motion to amend the complaint (Doc. 73), objections which defendant Ushman has adopted (Docs. 76 &77).

The motions to dismiss argue improper venue; judicial immunity; failure to state a cause of action; bars against suits against the State of Illinois, the Office of the Attorney General, and defendants in official capacities as assistant attorneys general or courthouse clerks; the inability to sue buildings; improper service; and violations of Federal Rules of Civil Procedure 8 and 10.

For the following reasons, defendants' motions to dismiss are GRANTED. This case is DISMISSED WITH PREJUDICE as to all defendants.Defendants' motion for sanctions is GRANTED in part and DENIED in part, and plaintiff Neuman is ORDERED to pay a penalty of three thousand dollars ($3,000.00) to this Court. Plaintiff Neuman is further PROHIBITED from instigating further litigation in federal court until the penalty is paid in full. Plaintiff's motion to amend the complaint is DENIED. Plaintiff's motion to change venue is DENIED as moot.

## **Introduction and Background**

Plaintiff Neuman filed a fifty-five page complaint against sixteen defendants on August 9, 2010 (Doc. 1) in this matter, alleging thirty "claims for relief," ranging from "intentional infliction of financial loss" to "perjury" to constitutional violations. Neuman's complaint is essentially one long rant against every entity,

person, and building he perceives conspired against him or treated him wrongly in connection with state court proceedings.

The sixteen named defendants are: the State of Illinois; the Illinois Attorney General Office; Sangamon County Courthouse; Greene County Circuit Courthouse; Jersey County Circuit Courthouse; Macoupin County Circuit Courthouse; Morgan County Circuit Courthouse; Scott County Circuit Courthouse; Judge Leslie Graves, in her official and individual capacity as Judge of the Sangamon County Courthouse; Lisa Madigan, in her official and individual capacity as Attorney General for the State of Illinois; Terrance Corrigan and Karen McNaught, in their official and individual capacities as Attorneys in the Illinois Attorney General Office; the Clerk Office of the Sangamon County Courthouse; and Suzanne Ushman, Daisy Doe, and Andy Doe, in their official and individual capacities as Clerks of the Sangamon County Courthouse. Although several defendants are named in individual and official capacities, the complaint implicates only their official capacities.

Neuman has a long history of filing frivolous lawsuits, for having them dismissed, and for receiving sanctions because of them. See defendants' motion for sanctions, Doc. 63, for details.

To explain the instant litigation, it is necessary to review a suit previously filed by Neuman in the Tenth Judicial Circuit Court of Illinois, which was removed to the United States District Court for the Central District of Illinois, *Neuman v. State of Illinois, et al.*, 2008 WL 2364283 (C.D. Ill. June 6, 2008). In that case,

Neuman alleged conspiracy to deny him of a variety of rights and violate numerous different statutes. *Id.* at *1. Central to his claim was his alleged receipt of a suspicious package in December 2005 and brake trouble with his car in January 2006, which he attributed to the named defendants, some of whom are defendants here: State of Illinois, Illinois State Attorney General Office, and Karen McNaught. *Id.* In dismissing that case with prejudice for failure to comply with court orders, failure to comply with Federal Rule of Civil Procedure 8, and for frivolity, the Central District Court stated Neuman's pattern of behavior was "intended either to vent his anger and frustrations on the Court or to engage in vexatious behavior intended to consume the resources of the parties and the Court." *Id.* at *3. During this suit, Assistant Attorney General Terence Corrigan sent Neuman a letter informing him his suit was frivolous and supplying Neuman with a motion to voluntarily dismiss the lawsuit.

Because of that letter, Neuman filed suit in the Seventh Judicial Circuit Court of Sangamon County, Illinois, no. 09-L-88, styled *Neuman v. Illinois, et al*. The thirty-five page complaint in that case had thirty-seven causes of action and mirrored the instant complaint in that it was a long, rambling rant about the harms supposedly perpetuated against Neuman. All of the defendants in that case, with the exception of Brian Nemenoff, are also named defendants in this case. During the course of the Sangamon County case, certain defendants filed a motion to dismiss and a request for sanctions to prevent Neuman from further litigation without court order. Judge Leslie Graves granted the motion to dismiss,

granted the motion for sanctions, and asked defense counsel to submit a draft order, which she signed. Neuman claims no one in the Circuit Clerk's office mailed him a copy of the final judgment until he asked for a copy. Judge Graves similarly granted the motion for sanctions, restricting Neuman's filing of future lawsuits in the Seventh Judicial Circuit of Illinois. This order has inspired the instant suit, where Neuman has named every person, office, building and judge that he associates with the Sangamon County case.

## **Law and Application**

**1. Venue is proper.**

Venue for civil actions where jurisdiction is not founded solely on diversity of citizenship may only be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

This case presents a unique situation where every single named defendant is either immune from suit or lacks the capacity to be sued, discussed in more detail later. The inevitable end result is dismissal of all the claims, no matter which district this suit proceeds in. Of course, venue must still be proper. The residency of the named defendants lacking the capacity to be sued—the courthouses—will not be considered. A reasonable argument could be made that

the residencies of the immune defendants should not be considered, either, but that would leave zero defendants' residencies to consider for venue purposes. In that case, venue would be proper under 28 U.S.C. § 1391(b)(3). If the residencies of the defendants with the capacity to be sued are considered, venue is proper pursuant to 28 U.S.C. § 1391(b)(1): the State of Illinois is a "resident" of every federal district contained in Illinois, and there is no question that the remaining defendants are also residents of Illinois.

**2. The complaint is sufficient to apprise defendants of the bases for the claims for relief.**

Federal Rule of Civil Procedure 8 requires, in part, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and states "[e]ach allegation must be simple, concise, and direct." Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far practicable to a single set of circumstances." Defendants argue Neuman's complaint violates these provisions.

Based upon Neuman's fifty-five page rambling and repetitive complaint in this case and similarly lengthy complaints in his Central District of Illinois and Sangamon County lawsuits previously discussed, this Court doubts very much that Neuman will ever file anything that is "short and plain." The complaint is sufficient to apprise defendants of the bases for the claims for relief, however, and defendants have been able to respond and the issues have been sufficiently narrowed. In the interest of not duplicating work and requiring more time and

effort be spent on his rants, this Court has carefully sorted through the dozens of pages of all pleadings and motions Neuman has filed and chooses to exercise its discretion to permit the complaint to stand as-is.

**3. The complaint fails to state a claim for which relief can be granted.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Pro se complaints, like the one filed by Neuman, are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted). This "does not mean" a court "will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996)."[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotations omitted).

Given the named defendants and the allegations plaintiff Neuman makes, it is appropriate to dismiss the complaint as to all defendants. Neuman's response to the motions to dismiss supports this conclusion; it is obvious he has filed the instant suit in retaliation for the outcome of his state court litigation and in an effort to harass those connected in any way to the state case for doing their job. Neuman pleads extensive facts, but they are not sufficient to state a claim to relief that is plausible on its face.

Despite numbering thirty "claims for relief," many of which are merely headings with no supporting facts provided, the real thrust of Neuman's complaint is he believes he is the victim of an ever widening judicial conspiracy to deprive him of his rights. Even with the most liberal reading of the facts and incidents alleged, Neuman's complaint has failed to state a claim of conspiracy or any other cause of action. In an effort to expose this basic deficiency with the minimum expenditure of time and money, each of his thirty counts will not be retold here in detail, but they have been reviewed in detail. Neuman does not explain how the routine and simple events taking place in his state court action violate his civil rights or constitute a conspiracy, and, like his Central District of Illinois litigation, his "recitation of numerous facts does not even create a mere suspicion that his rights might have been violated." *Neuman v. Illinois, et al.*, 2008 WL 2364283, at *3 (C.D. Ill. June 6, 2008). Accordingly, dismissal of his complaint as to all defendants is appropriate.

**4. Courthouses cannot be sued.**

Six courthouses are named as defendants in this matter: Sangamon County Courthouse, Greene County Circuit Courthouse, Jersey County Circuit Courthouse, Macoupin County Circuit Courthouse, Morgan County Circuit Courthouse, and Scott County Circuit Courthouse. Federal Rule of Civil Procedure 17(b) indicates the capacity to be sued is determined "by the law of the state where the court is located." Illinois law therefore governs, and in order to be a party to a civil suit in tort in Illinois, an entity must be a natural or artificial person. *Marcus v. Art Nissen& Son, Inc.*, 586 N.E.2d 694, 697 (Ill. App. Ct. 1991) (citing *Bavel v. Cavaness*, 299 N.E.2d 435, 438 (Ill. App. Ct. 1973)). As such, the six courthouses named by Neuman as defendants in this matter are not capable of being sued, and the plaintiff's claims against them must be dismissed.

**5. Judge Graves has judicial immunity.**

Judge Leslie Graves of the Seventh Judicial Circuit Court in Sangamon County, Illinois, is named as a defendant in her official capacity as a judge. Judges of superior or general jurisdiction are not liable to civil actions for their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). A judge can only be subjected to liability for judicial acts if she acts in the clear absence of all jurisdiction. *Id.* at 356-57.So too in Illinois.*Generes v. Foreman*, 660 N.E.2d 192, 193-94 (Ill. App. Ct. 1995) (citing *Stump*, 435 U.S. at 355-57, 359, 362).

Here, Neuman complains of his disagreement with the actions taken and orders issued by Judge Graves in her official role as a judge in the Sangamon County lawsuit discussed above. As Judge Graves was in a court of general

jurisdiction and acted within the scope of her judicial duties, judicial immunity protects her from suit, and Neuman's claims against her must be dismissed.

**6. The State of Illinois has sovereign immunity, as do the Attorney General, assistant attorneys general, and circuit court clerks.**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of any Foreign State." U.S. Const.amend. XI. There are three specific exemptions to Eleventh Amendment state immunity: (1) Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so through a valid exercise of its power; (2) a state has properly waived its immunity and consented to suit in federal court; and (3) the plaintiff seeks prospective equitable relief for ongoing violations of federal law under the *Ex Parte Young* doctrine. *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56 (1996)). This third exception only applies to state officials, not to states themselves. *See Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997) (recognizing that "suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment").

The Attorney General of Illinois and her assistants, when acting in their official capacities, are state officials. *See* 15 Ill. Comp. Stat. 205/0.01 *et seq.*; *Sears v. Illinois*, 24 Ill. Ct. Cl. 452, at *4 (Ill. Ct. Cl. 1964). The clerks of the circuit courts in Illinois are not county officials, but are nonjudicial members of

the judicial branch of State government. *Drury v. County of McLean*, 89 Ill.2d 417, 420 (Ill. 1982) (relying upon article VI, section 18(b) of the Illinois State Constitution). The Illinois Supreme Court stated that even though counties pay the salaries and expenses of circuit court clerks, this does not make the office of circuit court clerk a county office. *Id.* at 425. Similarly, the fact that a county pays the salaries of other non-judicial employees in the judicial branch "does not in constitutional or statutory terms make the county their employer. Rather, the State, personified by the chief judge of each circuit, is their employer." *Orenic v. Ill. State Labor Relations Bd.*, 127 Ill.2d 453, 476 (Ill. 1989). Non-elected clerks in a circuit court clerk's office are "other non-judicial employees in the judicial branch," and are accordingly state officials who qualify for sovereign immunity. Accordingly, the Clerk Office of the Sangamon County Courthouse, Suzanne Ushman, Daisy Doe, and Andy Doe, whether they are elected circuit court clerks or other clerks in the Sangamon County office, are all state officials subject to sovereign immunity.

Neuman claims in his response that he is seeking prospective injunctive relief pursuant to *Ex Parte Young* and that "the State of Illinois has waived its eleventh amendment immunity to violation and charges like these." Neuman does not argue Congress has abrogated Illinois' immunity. Neuman's Response contains no legal support for his claims that Illinois has waived its immunity, and instead draws the Court's attention to *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666 (1999), for the

proposition that every reasonable presumption *against* a state's waiver of immunity should be indulged (Doc. 70 pp. 24-5).Neuman further directs the Court to *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) for the proposition that he can bring suit against the state (Doc. 70, p. 25), when the footnote cited specifically says "Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State *cannot* be sued directly in its own name regardless of the relief sought." *Id.*at 167 n.14 (emphasis added).

"The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) (internal quotations omitted). "It is not this court's responsibility to research and construct the parties' arguments." *Id.* (internal citations omitted). As such, this Court refuses to undertake its own examination of Illinois and federal law to see if such a basis exists.*See Sonnleitner*, 304 F.3d at 717. The first and second exceptions to sovereign immunitydo not apply.

As for the third exception under *Ex Parte Young*, it cannot apply to the State of Illinois, but only to state officials. To that end, Neuman's response lists all kinds of relief he is seeking against Judge Graves, who has judicial immunity, and against Sangamon Circuit Court, which cannot be sued, arguments which will accordingly be disregarded.(Doc. 70 pp. 24-5.) Neuman continues in his Response by asking for "a court reporter to be present when there is a hearing against the

State of Illinois or any of its employees" (p. 24), which is not a request for prospective equitable relief for ongoing violations of federal law. Neuman similarly claims he is seeking "an order barring enforcement of the order" (p. 25) which is not further explained but is most likely a response to defendants' statement in their motion to dismiss that plaintiff does not seek an order barring enforcement of the state court order forbidding plaintiff from filing suit in certain of its courts without leave (Doc. 12, pp. 13-14). The Complaint, contrarily, does not ask for such relief. Even if it did, this Court seriously doubts the propriety of such an order, given considerations of federalism and comity. *See Ill. Sup. Ct. R.* 137. The complaint contains no requests for prospective relief for ongoing violations of federal law. The third exception to sovereign immunity does not apply.

Accordingly, the State of Illinois is immune from this suit, as are the Attorney General, the assistant attorneys general, and the court clerks.

**7. The complaint may not be amended.**

Federal Rule of Civil Procedure 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Defendants have not given written consent for plaintiff to amend his complaint. The facts Neuman alleges and the actions he pursues cannot, under any theory, be transformed into cognizable claims. Accordingly, justice does not require Neuman be permitted to amend his complaint, and his motion to amend the complaint is DENIED.

### 8. Sanctions are appropriate.

Defendants State of Illinois, Office of the Attorney General, Lisa Madigan, Karen McNaught, and Judge Leslie Graves move for sanctions (docs. 62 & 63), asking this Court to impose a $5,000.00 penalty upon Neuman, to be paid to the Court, and to bar Neuman from further federal litigation till this amount is paid. Defendants do not request attorney fees, indicating their only goal is to curtail Neuman's frivolous litigation. Defendants allege Neuman's complaint in this matter is unwarranted and was filed as part of a continuing campaign of harassment. These allegations are completely accurate.

Federal Rule of Civil Procedure 11(b) states that "[b]y presenting to the court a pleading, written motion, or other paper," an unrepresented party "certifies that to the best of the person's knowledge, information, and belief,"

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Violations of Rule 11 may result in sanctions. Fed.R. Civ. P. 11(c). Sanctions imposed under that rule "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* The sanction may include "nonmonetary directives; an order to pay a penalty into

court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."*Id.*

"The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc., of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004).A litigant's pro se status "may be taken into account, but sanctions can be imposed for any suit that is frivolous."*Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

As Judge Easterbrook has observed, "[s]ome litigants refuse to accept defeat. On they wade, naming the judges and lawyers in the prior case as additional defendants in an ever-widening conspiracy." *Sato v. Plunkett*, 154 F.R.D. 189, 190 (N.D. Ill. 1994). This Court is hard-pressed to better describe the actions of Neuman. As defendants' motion for sanctions points out, Neuman has instituted multiple lawsuits on both the state and federal level. His actions have been regularly dismissed, and he has been sanctioned repeatedly. Nevertheless,the lawsuits do not stop. The instant litigation is just one more example of Neuman continuing to harass various court and government officials, wasting time and resources with frivolous and factually unsupported claims. Accordingly, this Court GRANTS the defendants' motion for sanctions in part but DENIES the amount requested. Plaintiff Neuman is ORDERED to pay a penalty of three thousand dollars ($3,000.00) to this Court, and he is PROHIBITED from instigating further litigation in federal court until the penalty is paid in full. This

Court further WARNS Neuman that if his campaign of harassment continues, the sanctions next time will have to be greater in accord with Rule 11.

### Summary and Conclusion

Defendants' motions to dismiss (Docs. 11, 12, 29 & 30) are GRANTED. This case is DISMISSED WITH PREJUDICE as to all defendants. Defendants' motion for sanctions (Docs. 62 & 63) is GRANTED in part and DENIED in part, and plaintiff Neuman is ORDERED to pay a penalty of three thousand dollars ($3,000.00) to this Court. Plaintiff Neuman is further PROHIBITED from instigating further litigation in federal court until the penalty is paid in full. Plaintiff's motion to amend the complaint (Doc. 72) is DENIED. Plaintiff's motion to change venue (Doc. 71) is DENIED as MOOT. The Clerk is directed to close this file.

**IT IS SO ORDERED.**

Signed this 12th day of July, 2011.

David R. Herndon
2011.07.12
08:07:48 -05'00'

**Chief Judge
United States District Court**